1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9  KARLA DETMER o/b/o          CASE NO. 1:06-cv-00950-OWW-SMS
   ROGER C. WORLEY,
10
                Plaintiff,     ORDER GRANTING MOTION FOR
11                             ATTORNEYS' FEES UNDER
        v.                     42 U.S.C. § 406(b)
12
   MICHAEL J. ASTRUE,
13 Commissioner of Social Security,
                               (Doc. 36)
14              Defendant.
15 _____/
16

17        Plaintiff Karla Detmer moves the Court to grant attorneys' fees of $11,700.00, under 42

18 U.S.C. § 406(b).  Defendant Commissioner has filed a brief expressing no opposition to

19 Plaintiff's request.  Having reviewed the motion and its supporting documentation, as well as the

20 case file, this Court awards the requested attorneys' fees.

21 **I.    Legal and Factual Background**

22        On July 12, 2006, Plaintiff Roger Worley filed a complaint in this Court appealing

23 Defendant's denial of his application for disability insurance benefits. On August 30, 2007, the

24 parties stipulated that the action be remanded to the Commissioner for further administrative

25 action.  On October 1, 2007, the Appeals Council remanded the case to an Administrative Law

26 Judge (ALJ).

27        After Worley's death on December 31, 2007, his daughter, Plaintiff Karla Detmer, was

28 appointed as substitute plaintiff.  On May 16, 2008, Detmer and attorney Robert Ishikawa entered

1

1  a contingent fee agreement, providing payment to attorneys of twenty-five per cent of Plaintiff's

2  past due benefits in the event the case was won.

3      Following a hearing on September 16, 2008, Judge James P. Berry issued an unfavorable

4  notice of decision on November 20, 2008.  Plaintiff filed exceptions to the notice of decision on

5  November 22, 2008.  On August 3, 2010, the Appeals Council again remanded to an ALJ.

6  Following a hearing on December 3, 2010, Judge Patricia L. Flierl issued a favorable notice of

7  decision on April 13, 2011.

8      On June 27, 2011, the agency notified Detmer of the award of past due disability benefits

9  beginning in December 2006. Twenty-five per cent of Plaintiff's past due benefits total of

10  $96,012.00 equals $24,003.00.  Previously, the Court awarded and ordered paid to Plaintiff a fee

11  of $4900.00 under the Equal Access to Justice Act (EAJA).  Plaintiff now requests attorneys'

12  fees of $11,700.00 for work before this Court.  The balance of the contingent fee will be pursued

13  before the agency.

14  **II.**    **Discussion**

15      Whenever a court renders judgment favorable to a claimant under this subchapter
        who was represented before the court by an attorney, the court may determine and
16      allow as part of its judgment a reasonable fee for such representation, not in
        excess of 25 percent of the total of the past-due benefits to which the claimant is
17      entitled by reason of such judgment . . . . .

18      42 U.S.C. § 406(b)(1(A).

19      The Court must review contingent-fee arrangements "as an independent check, to assure

20  that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807

21  (2002).  Section 406(b) "instructs courts to review for reasonableness" fees yielded under

22  contingent fee agreements, taking into account both the character of the representation and the

23  results achieved.  *Gisbrecht*, 535 U.S. at 808.  Congress has provided a single guideline:

24  Contingency agreements are unenforceable to the extent that they provide for fees in excess of

25  twenty-five per cent of past-due benefits.  *Id.* at 807.  Within the twenty-five percent corridor, the

26  attorney for a successful claimant must demonstrate that the fee is reasonable for the services that

27  he or she provided.  *Id.*

28  ///

2

"[D]istrict courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D.Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Cerney accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, the attorneys secured a remand, and ultimately, the award of substantial benefits to Plaintiff.

## III.   Conclusion and Order

Accordingly, this Court hereby GRANTS Plaintiff's petition for attorneys' fees of $11,700.00, net of the previously awarded fee of $4900.00 under the Equal Access to Justice Act (EAJA), for a total amount of $6800.00.


IT IS SO ORDERED.

**Dated:   November 3, 2011**          **/s/ Sandra M. Snyder**
                              UNITED STATES MAGISTRATE JUDGE